UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

Orange Pics BV, a foreign entity; and
COPYTRACK GmbH, a foreign entity,

        Plaintiffs,

vs.

EVTV Miami, Inc., a Florida corporation,

        Defendant.
_____/

## COMPLAINT

Plaintiffs Orange Pics BV ("Orange Pics") and COPYTRACK GmbH ("COPYTRACK," together the "Plaintiffs") by and through their undersigned counsel, sue Defendant EVTV Miami, Inc. ("EVTV" or "Defendant"), and in support thereof allege the following:

### NATURE OF THIS ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a photograph of a soccer player ("the Work"), owned by Orange Pics. Plaintiffs have entered into agreements regarding enforcement of the copyright for the Work. Accordingly, Plaintiffs seek monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et seq.

### PARTIES

2. Orange Pics is a foreign entity with a principal place of business in Netherlands.

3. COPYTRACK is a foreign entity with a principal place of business in Germany.

4. Defendant EVTV is a Florida corporation with a registered mailing address at

1

7620 NW 25TH STREET STE 5, MIAMI, FL 33122.

## JURISDICTION AND VENUE

5. This claim arises under the Copyright Act, 17 U.S.C. § 101 et seq., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Florida.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. Orange Pics is the owner and author of the Work. Orange Pics has assigned to COPYTRACK the rights to enforce the copyright to the Work.



A true and correct copy of the Work is attached hereto as **Exhibit A**.

9. The Berne Convention for the Protection of Literary and Artistic Works of 1886 (the "Berne Convention") requires each signatory country to recognize copyrighted works of authors from other signatory countries in the same way it would recognize the copyrighted works of its nationals. The Berne Convention also requires member states to provide strong minimum standards for copyright law.

10. The United States of America became a signatory member of the Berne Convention on March 1, 1989. Germany became a signatory member of the Berne Convention on December 5, 1887. Netherlands became a signatory member of the Berne Convention on November 1, 1912.

11. The Work is a Berne Convention Work as defined in the Copyright Act of 1976, Title 17 U.S.C. §§ 101, *et seq.*, and are therefore subject to the protections of the Copyright Act.

12. Defendant displayed the Work on its website, https://evtv.online/tag/sergino-dest/, without license or authorization from Plaintiff. A copy of the infringing image is attached as **Exhibit B**.

13. Defendant's infringing activity was discovered within the past three (3) years. Defendant did not license the Work from Plaintiffs, nor did Defendant have Plaintiff's permission or consent to publish the Work.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT I – COPYRIGHT INFRINGEMENT

15. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14 as if fully alleged herein.

16. The Work is an original work of authorship fixed in a tangible means of expression that constitutes a pictorial work pursuant to 17 U.S.C. § 102(a) and is subject to

copyright protection under U.S.C. Title 17 § 101.

17. Article 5(1) of the Berne Convention provides that "(a)uthors shall enjoy, in respect of This Convention, in countries of the Union other than the works for which they are protected under country of origin, the rights which their respective laws do now or may hereafter grant to their nationals, as well as the rights specifically granted by this Convention."

18. Article 5(2) of the Berne Convention provides further that "(t)he enjoyment and exercise of these rights shall not be subject to any formality; such enjoyment and such exercise shall be independent of the existence of protection in the country of the origin of the work."

19. Plaintiffs have exclusive rights to each protectable component of the Work identified in Exhibit A.

20. By copying and publishing the Work identified in Exhibit A on Defendant's website, and by maintaining copies of the Work on its computer, Defendant has copied and reproduced the Plaintiffs' protected material without the Plaintiffs' permission or authorization.

21. Upon information and belief, Defendant's conduct was and is willfully done with knowledge of the Plaintiffs' rights in the Work, or at least with reckless disregard of Plaintiffs' rights.

22. Defendant's conduct constituted, and continues to constitute, infringement upon the Plaintiffs' exclusive rights to reproduce, copy, and distribute the Work, all in violation of 17 U.S.C. §§ 101 *et seq*. and the Berne Convention.

23. By reason of Defendant's acts and infringements, the Plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to their rights.

24. The Plaintiffs are further entitled to recover from Defendant the damages sustained by it as result of Defendant's acts of copyright infringement in an amount to be

determined at trial.

## DEMAND FOR RELIEF

Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor on Count I of their Complaint against Defendant, and grant Plaintiffs the following relief:

A. An award of all available damages, including, but not limited to: damages for Count I, compensatory, actual, and consequential damages, and any profits gained.

B. An injunction restraining Defendant and its associates, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, from continuing their infringement of Plaintiffs' copyrighted photograph.

C. An injunction restraining Defendant and its associates, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on its behalf, from continuing to disseminate, distribute, reproduce, copy, display, or publish Plaintiffs' copyrighted photograph.

D. An award of attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest at the highest rate allowable by law on all counts available.

E. Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand trial by jury in this action of all issues and claims triable by right of jury.

Date:   November 3, 2023			Respectfully submitted,

**Rafael Perez-Pineiro**
Rafael Perez-Pineiro, (Fla. Bar No. 543101)
Attorney Email Address: rperez@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 S. Brickell Ave.
South Tower, Suite 800
Miami, FL 33131
Tel: 305-728-8831
Fax: 305-428-2450

*Counsel for Plaintiffs*